Federal Natl. Mtge. Assn. v Ambrosio (2021 NY Slip Op 04661)





Federal Natl. Mtge. Assn. v Ambrosio


2021 NY Slip Op 04661


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-00802
2018-00803
 (Index No. 7262/13)

[*1]Federal National Mortgage Association, respondent,
v
Charles Ambrosio, etc., et al., appellants, et al., defendants.


Fred M. Schwartz, Smithtown, NY, for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Ellis M. Oster of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Charles Ambrosio and Roxanne Ambrosio appeal from two orders of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), both dated October 5, 2017. The first order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to renew its motion for summary judgment on the complaint insofar as asserted against the defendants Charles Ambrosio and Roxanne Ambrosio and dismissing their affirmative defenses, to strike their answer, and for an order of reference, which had been denied without prejudice to renew by an order of the same court dated March 20, 2017, and, upon renewal, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Charles Ambrosio and Roxanne Ambrosio and dismissing their affirmative defenses, to strike their answer, and for an order of reference. The second order, insofar as appealed from, appointed a referee to ascertain and compute the amount due and owing to the plaintiff.
ORDERED that the orders dated October 5, 2017, are affirmed insofar as appealed from, with one bill of costs to the plaintiff.
On December 16, 2004, the defendants Charles Ambrosio and Roxanne Ambrosio (hereinafter together the defendants) executed a note in the amount of $279,000. The note was secured by a mortgage on certain real property located in Suffolk County.
On March 12, 2013, the plaintiff, Federal National Mortgage Association, commenced the instant action to foreclose the mortgage. In their answer, the defendants alleged, inter alia, that the plaintiff failed to send them a notice of default pursuant to the terms of the mortgage, and failed to comply with the 90-day notice requirement of RPAPL 1304.
The plaintiff subsequently moved for summary judgment on the complaint insofar as asserted against the defendants and dismissing their affirmative defenses, to strike their answer, and for an order of reference. In opposition, the defendants argued, inter alia, that the plaintiff had failed to submit evidence that it complied with either RPAPL 1304 or the notice-of-default provision [*2]in the mortgage itself.
In reply to the defendants' opposition, the plaintiff referred to the affidavit of Heidi Peterson, a vice president of Seterus, Inc. (hereinafter Seterus), an authorized subservicer for the plaintiff, which had been submitted in support of the plaintiff's motion. The plaintiff noted that Peterson's affidavit demonstrated that the notice of default required by the mortgage, a copy of which was annexed as an exhibit to Peterson's affidavit, had been sent to the defendants on July 26, 2012. Regarding the required statutory notices, the plaintiff submitted, inter alia, the affidavit of Lisa Lubbess, a document management specialist for Seterus. Lubbess stated that she was familiar with Seterus's records and record-keeping practices, and stated that, "in compliance with RPAPL § 1304, Seterus sent a 90-day notice as required by said statute on July 27, 2012, separate from any other mailing or notice, enclosed in both a certified mail postage prepaid envelope and also a first-class mail, postage prepaid, sealed envelope." Lubbess further described Seterus's standard office procedure for the mailing of the 90-day notices. Lubbess attached a copy of the certified mail envelope used to send the 90-day notice to the defendants, complete with tracking number, as well as Seterus's business records reflecting that the notice was sent on July 27, 2012.
In an order dated March 20, 2017, the Supreme Court, Suffolk County, denied the plaintiff's motion without prejudice to renew. On June 30, 2017, the plaintiff moved, inter alia, for leave to renew its motion. The motion relied, among other things, upon the affidavit of Lubbess which had been submitted on the original motion as part of the reply papers. In opposition, both defendants submitted affidavits in which they stated that they never received the 90-day notice pursuant to RPAPL 1304, and that they never received a notice of default pursuant to the terms of the mortgage.
In an order dated October 5, 2017, as relevant to this appeal, the Supreme Court granted that branch of the motion which was for leave to renew, and, upon renewal, granted those branches of the plaintiff's original motion which were for summary judgment on the complaint insofar as asserted against the defendants and dismissing their affirmative defenses, to strike their answer, and for an order of reference. In a second order, also dated October 5, 2017, the court, inter alia, appointed a referee to ascertain and compute the amount due and owing to the plaintiff. The defendants appeal from both orders.
Initially, contrary to the defendants' contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to renew, since the original motion had been denied without prejudice to renew (see generally CPLR 2221[e]). Upon renewal, the court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and dismissing their affirmative defenses, to strike their answer, and for an order of reference, and appointed a referee to ascertain and compute the amount due and owing to the plaintiff.
RPAPL 1304 provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Here, the plaintiff established, prima facie, that it strictly complied with RPAPL 1304 by submitting Lubbess's affidavit, in which Lubbess "described the procedure by which the RPAPL 1304 notice was mailed to the defendant[s] by both certified and first-class mail" (Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309). The plaintiff further established compliance with [*3]RPAPL 1304 by submitting Seterus's records showing that the RPAPL 1304 notice was sent, which were admissible pursuant to the business records exception to the hearsay rule (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208). Moreover, pursuant to the terms of the mortgage at issue, the satisfaction of RPAPL 1304 also satisfied the notice-of-default requirement in the mortgage itself (see Wachovia Bank, N.A. v Carcano, 106 AD3d 724, 725).
In opposition, the defendants failed to raise a triable issue of fact (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21; see also U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984).
The defendants' remaining contention is improperly raised for the first time on appeal.
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court